By the Couet.—Sedgwick, Ch. J.
The defendants had contracted to build certain houses. They communicated with the plaintiff in respect of an estimate of the costs of furnishing to the defendants, for the houses, certain material and of work in putting that material in the houses. The plaintiff examined plans and specifications handed to him by the defendants as those that were to be used in the building.
The plaintiff on July 9, 1881, made to the defendants in writing, the following proposal: “ I propose to furnish and erect 8 in. hollow brick arches, 1¡ in. concrete furring blocks, and 4 in. mansard roofing blocks in building 14, 16,18 and 20 Broadway, and 5 and 7 Beaver street, known as Hunniwell building, twenty thousand dollars, etc......Eleven tier beams to be filled, excepting corridors.”
The defendants sent to the plaintiff as an acceptance of the proposal, the following: “We accept your proposal to furnish material and put in burned clay arches, and to do the furring of the building for H. H. Hunniwell, Esq., at 14, 16, 28 and 29 Broadway, and 5 and 7 Beaver street, for the sum of $20,000.” etc.
The plaintiff proceeded to do the work, and as the referee found, did substantially all the work of the kind referred to that was required by defendants for the completion of the buildings in that respect.
The plaintiff claims in this action, that in furnishing the material and doing the work, he furnished and did more than was required by the proposal and estimate, and demanded judgment for an amount claimed to be unpaid upon the sum of $20,000, specified in the writing *450 and for the value of the excess claimed. The form of plaintiff’s claim was a quantum meruit for the whole.
In proceeding to prove the contract between the parties, the plaintiff offered to prove certain oral statements of one of the defendants as to the amount of materials that the plaintiff would be called upon to furnish under the proposal that was asked of him. The defendants objected that such testimony would vary the contract in writing which was formed by the written proposal and acceptance, and was therefore inadmissible. The referee overruled the objection, and the exception to this makes the important question upon the appeal.
The plaintiff testified that before he made the proposal, he examined the plans and specifications in order to compute the quantities that he would be obliged to furnish, and upon his result he offered verbally to do the whole for $24,000. The defendant said that was too high. The plaintiff said it was not too high, if he was to do what the plans called for, at the same time giving his calculation as to this. The defendant said in substance, that there would be changes in the plans, etc., and that the plaintiff need not estimate upon more than sixty thousand feet of arching, thirty-two thousand feet of furring work, and filling in mansard roof with four inch hollow mansard block.
The plaintiff in pursuance of that made his written proposal.
In my opinion the referee correctly allowed the testimony.
The contract does not specify quantities. The appellants’ counsel does not argue that the written terms inferentially fix them, by the reference to the buildings. The houses were not then so far built as to disclose in the structure how much material and work of the kinds in the contract, would be needed. It was not meant that the plaintiff should do all that might be called for by the defendant in altering the buildings as he pleased, in those respects that might indefinitely increase the *451 amount of materials to be furnished by the plaintiff. There was therefore by necessity to be a resort to something outside of the writings to fix the quantities. The appellant argues that the contract intended there should be a resort to the plans and specifications. There is, however, no mention of those in the contract. If resort should be had to them, it would not be because the contract in writing specifically required it, but because, in fact, they had been the basis of the bargain. But the evidence showed that they were not in fact the basis. The defendant in substance, verbally modified them as to quantities, saying the plaintiff should only estimate upon the quantities that have been specified.
Any other view of the arrangement would leave the writings without that certainty that-is an essential quality of a contract, and the plaintiff would have the legal right to sue for the quantum meruit, referring in the evidence upon value to the writings as admissions.
In the course of the trial, the plaintiff gave evidence of what corroborated his specific position and also gave him a cause of action in itself for part of what he recovered. He testified that when he ascertained that he had furnished the quantities that had been named to him by the defendants, he informed the defendants of it, and declared that he was not bound to do more. Whereupon one of the defendants requested him to proceed, and promised to pay him for what he should thereafter do.
On the trial the defendant witnesses contradicted the testimony for the plaintiff, that has been referred to. The determination of the referee of this. question of credibility cannot be reversed upon the case as it is.
The other exceptions have been examined. They do not require a reversal of the judgment.
Judgment affirmed with costs.
Truax and Dugro, JJ., concurred.